**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 22-4582**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

WARREN L. BAKER,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge.  (5:17-cr-00165-D-1)

Submitted:  December 27, 2023                                    Decided:  January 31, 2024

Before KING and GREGORY, Circuit Judges, and MOTZ, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  G. Alan DuBois, Federal Public Defender, Eric Joseph Brignac, Chief Appellate Attorney, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  Michael F. Easley, Jr., United States Attorney, David A. Bragdon, Assistant United States Attorney, John L. Gibbons, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Warren L. Baker pled guilty to Hobbs Act robbery, 18 U.S.C. § 1951 (Count 1); brandishing a firearm in furtherance of a crime of violence (namely, the Hobbs Act robbery), 18 U.S.C. § 924(c) (Count 2); and possession of a firearm by a felon, 18 U.S.C. §§ 922(g)(1), 924(a)(2)* (Count 3). The district court sentenced Baker in August 2018 to 108 months' imprisonment on Counts 1 and 3, to run concurrently, and a 300-month sentence on Court 2, to run consecutively, for an aggregate sentence of 408 months' imprisonment. On appeal from this judgment, we granted the parties' joint motion to remand for resentencing based on the fact that the written judgment contained conditions of supervised release that the district court had not orally announced. *See United States v. Rogers*, 961 F.3d 291 (4th Cir. 2020).

On remand, the district court conducted a resentencing hearing and again imposed a 408-month aggregate sentence. Baker appeals, contesting the validity of his § 924(c) conviction and the reasonableness of his sentence. We affirm.

Relying on the Supreme Court's decision in *United States v. Taylor*, 142 S. Ct. 2015 (2022), which held that *attempted* Hobbs Act robbery does not qualify as a crime of violence under § 924(c), Baker contends that substantive Hobbs Act robbery is no longer

---

* Section 924(a)(2) was amended and no longer provides the penalty for § 922(g) convictions. The new penalty provision in 18 U.S.C. § 924(a)(8) sets forth a statutory maximum sentence of 15 years' imprisonment for a § 922(g) offense. *See* Bipartisan Safer Communities Act, Pub. L. No. 117-159, § 12004(c), 136 Stat. 1313, 1329 (2022). The 15-year statutory maximum does not apply here, however, because Baker committed his offense before the June 25, 2022, amendment of the statute.

a valid § 924(c) predicate offense. He therefore argues that his conviction for brandishing a firearm in furtherance of a crime of violence, which is predicated upon Hobbs Act robbery, is invalid.

We have previously held that "Hobbs Act robbery constitutes a crime of violence under the force clause of [§] 924(c)." *United States v. Mathis*, 932 F.3d 242, 266 (4th Cir. 2019). "[I]n this circuit, it is established that one panel cannot overrule another." *United States v. Runyon*, 994 F.3d 192, 201 (4th Cir. 2021) (internal quotation marks omitted). An exception to this rule applies if "the prior opinion has been overruled by an intervening opinion from this court sitting *en banc* or the Supreme Court." *McMellon v. United States*, 387 F.3d 329, 333 (4th Cir. 2004). We have recently concluded that "[n]othing about this Court's decision in *Mathis* conflicts with *Taylor*." *United States v. Green*, 67 F.4th 657, 669 (4th Cir. 2023), *cert. denied*, No. 23-5194, 2023 WL 6378848 (U.S. Oct. 2, 2023); *see United States v. Melaku*, 41 F.4th 386, 394 n.9 (4th Cir. 2022) (reaffirming the holding in *Mathis*). Baker's arguments to the contrary are foreclosed by circuit precedent. *See Green*, 67 F.4th at 668-71. We therefore affirm Baker's § 924(c) conviction.

Baker also challenges the substantive reasonableness of his sentence. He contends that, in light of the statutorily required 300-month sentence on Count 2, the 108-month Guidelines sentence on Counts 1 and 3 results in a sentence that is greater than necessary to punish him for his crimes.

We review criminal sentences for both procedural and substantive reasonableness "under a deferential abuse-of-discretion standard." *United States v. Lewis*, 18 F.4th 743,

3

748 (4th Cir. 2021) (internal quotation marks omitted). In reviewing whether a sentence is reasonable, we must first confirm the district court did not commit "significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *United States v. Fowler*, 948 F.3d 663, 668 (4th Cir. 2020) (internal quotation marks omitted); *see United States v. Provance*, 944 F.3d 213, 217-19 (4th Cir. 2019).

Baker does not dispute the procedural reasonableness of his sentence. And we conclude that the district court properly calculated Baker's advisory Guidelines range, addressed his arguments for a downward variance, and thoroughly explained its reasons for imposing the within-Guidelines-range sentence. Thus, Baker's sentence is procedurally reasonable.

Finding no procedural error, we next address the substantive reasonableness of the sentence. *United States v. Arbaugh*, 951 F.3d 167, 172 (4th Cir. 2020). In doing so, we consider "the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *Id.* at 176 (internal quotation marks omitted). A within- or below-Guidelines sentence is presumptively reasonable. *United States v. Gillespie*, 27 F.4th 934, 945 (4th Cir.), *cert. denied*, 143 S. Ct. 164 (2022). A defendant can rebut that presumption only "by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

Baker argues that the sentence imposed is greater than necessary and therefore substantively unreasonable. However, the district court thoroughly addressed Baker's arguments in favor of a lesser sentence, balanced all the applicable factors, and reasonably determined that a within-Guidelines-range sentence appropriately accounted for the severity of the offenses, Baker's criminal history, and the needs to incapacitate him and to protect the public. We therefore conclude that Baker has not rebutted the presumption that his within-Guidelines sentence is reasonable.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*